IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM LEE GRANT II, | ) | CIVIL NO. 19-00663 JAO-WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH PREJUDICE |
| vs. | ) ) | |
| U.S. DEPARTMENT OF DEFENSE, | ) ) | |
| Defendant. | ) ) ) ) | |

ORDER DISMISSING COMPLAINT WITH PREJUDICE

On December 12, 2019, Plaintiff William Lee Grant II ("Plaintiff"), who is self-represented, filed a Civil Liberties Complaint ("Complaint"), ECF No. 1, and an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion for Leave to Proceed In Forma Pauperis" or "Motion"), ECF No. 3. Upon consideration of the Motion and the financial information provided in support, the Court finds that Plaintiff is unable to pay the filing fee, and thus the Motion is GRANTED. Further, upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] for the following reasons, the Court concludes the

---

[1] With respect to proceedings in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) states:

Complaint is frivolous. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

A complaint is frivolous if the plaintiff would not be entitled to relief under any arguable construction of law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is based on "an indisputably meritless legal theory" such as "claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist." *Id.* at 327 (citation omitted). Allegations are frivolous if they are "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 325, 327-28.

---

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Here, Plaintiff seeks "$99 trillion in damages," and alleges, among other things, that he was "create[d]" by former Commander-in-Chief Ronald Reagan to "predict future nuclear attacks"; that he was "dropped off" in Springfield, Illinois in 1992 to "be the U.S. Department of Defense's (DoD) witness to the 9/11 terrorist attacks"; and that a "Gregory K. Harris directed Mr. Grant's dentists and orthodontist to drill the enamel off Mr. Grant's teeth." Compl. ¶¶ 7, 11, 14, 85 (some capitalization omitted). Plaintiff's Complaint also includes seemingly unrelated allegations, such as, "Richard M. Daley's sale of Chicago's parking meters is fraud," "Courtney Love killed Kurt Cobain," "Shawn Carter is the best big brother a kid could ask for," "Adele is the best," "HIV/AIDS is a Japanese-World War II virus unleashed on the populace to generate profits for the pharmaceutical companies," and statements regarding the genital sizes of various individuals. *Id.* ¶¶ 58, 65, 101–03, 105, 107, 110 (some capitalization omitted). As illustrated, the allegations in the Complaint are "clearly baseless," "fanciful," "fantastic," or "delusional."

Although there also appear to be allegations against State of Illinois officials for falsely accusing Plaintiff of driving under the influence, creating a hostile work environment, retaliating against Plaintiff for filing ethics complaints, and wrongfully denying him federal unemployment benefits, *see id.* ¶¶ 20–25, 31–33, 36, as well as allegations that various individuals sexually assaulted Plaintiff, *see*

*id.* ¶¶ 39, 40, none of these allegations relate to the named defendant, the U.S. Department of Defense, other than a vague reference that "[t]he Office of the Secretary of Defense conspired against Mr. Grant through the State of Illinois." *Id.* ¶ 80. In any event, the Complaint is riddled with numerous non sequiturs as previously identified, and fails to comply with the requirements of Federal Rule of Civil Procedure 8, that complaints must include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and contain allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Ninth Circuit has explained why requiring concise and direct allegations in a complaint is so important, and the troubles that befall litigants and courts if claims proceed on inadequately pled complaints:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.
>
> . . . .
>
> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He [or she] then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials,

> prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

Further, Plaintiff filed a substantially similar complaint on October 28, 2019, *see* Civil No. 19-00592-JAO-WRP, which this Court has already dismissed with prejudice as the District of Hawaii is not an appropriate venue for Plaintiff's action and because the complaint was frivolous. *See* ECF No. 6 in Civil No. 19-00592 JAO-WRP (Order dated Dec. 20, 2019). That order observed that Plaintiff has filed substantially similar complaints across the country, including 27 in the Central District of Illinois alone, which were dismissed for frivolity or other procedural defects.

//

//

//

//

//

//

//

//

//

For the foregoing reasons, and for those explained in the Order dated December 20, 2019 filed in Civil No. 19-00592, the Court concludes Plaintiff's Complaint is frivolous. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 23, 2019.

Jill A. Otake
United States District Judge